**BROADVIEW CHEMICAL COR-
PORATION**

v.

**LOCTITE CORPORATION.**

**Civ. No. 13104.**

United States District Court,
D. Connecticut.

March 24, 1971.

William J. Doyle, New Haven, Conn.,
Granger Cook, Jr., Chicago, Ill., for
plaintiff.

J. Rodney Reck, Newington, Conn.,
Walter D. Ames, Washington, D. C., W.
Robert Hartigan, Hartford, Conn., for
defendant.

ORDER

BLUMENFELD, District Judge.

This declaratory judgment action is
now almost two years old. Its history
is one of almost continuous application
by counsel to this court for resolution
of the innumerable disputes which have
arisen in the course of preparation of
the case for trial. The present difficulty
before the court is Broadview's dissatis-
faction with the pace at which Loctite
is evaluating Broadview's anaerobic
sealant compositions, which are the sub-
ject matter of the suit, to determine
whether or not they infringe Loctite's
patents. Loctite has had samples of
Broadview's compositions for several
months, during which time it has pre-
sented the court with a variety of rea-
sons for its failure to date to complete
the tests necessary for infringement
evaluation.

On March 2, 1971, the court ordered
Loctite to begin submitting weekly re-
ports on the progress of its evaluation.
Since then, Loctite has submitted one
report covering the months of January
and February 1971 and another for the
first two weeks in March. In the first
report, Loctite estimates that its tests
on the first series of Broadview formu-
lae (the KBK series) will not be com-
pleted before June 4, 1971.

Loctite enjoys a dominant position in
the anaerobic sealant market. Obviously,
each day's delay in evaluating Broad-
view's compositions inures to the bene-
fit of Loctite and the detriment of
Broadview. Loctite's responses to in-
quiries into the reasons for the delay
appear to the court to be in large part
dilatorily motivated. Accordingly, the
court considers it now appropriate to

fashion relief in favor of the Broadview to protect it against the consequences of Loctite's further delay.

Broadview has suggested a number of avenues of relief. Its latest suggestion is that the injunction entered against it on May 10, 1969, by this court be suspended until the court decides the infringement issues presented by this case. The injunction restrained Broadview and those in active concert with it from infringing three of Loctite's patents and from selling or using specific compositions whose sale and use had already been found to have violated the terms of a prior consent decree between the parties. *See* Broadview Chem. Corp. v. Loctite Corp., 406 F.2d 538 (2d Cir.), cert. denied, 394 U.S. 976, 89 S.Ct. 1472, 22 L.Ed.2d 755 (1969).

The court does not view wholesale suspension of the injunction as a suitable remedy. Loctite's dilatoriness at this stage of the proceedings does not mitigate Broadview's earlier conduct which resulted in a finding of civil contempt and an extensive award of damages in addition to the injunction sought to be suspended. Nevertheless, some of the sting can be taken out of the injunction order without destroying its efficacy. The order now provides for a penalty of $2,000.00 for each violation of the injunction or consent decree. Eliminating the *"in terrorem* effect," Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed. 2d 686 (1970), of the penalty provision may make it less risky for Broadview to begin the manufacture and sale of compositions which in its judgment do not infringe and may give Loctite additional incentive to quickly complete its infringement evaluation. Of course, if Broadview is wrong about the noninfringement of its compositions, it might still be subject, in the appropriate case, to sanctions for violation of the injunction.

Accordingly, it is the order of the court that the penalty provision of the injunction entered in this case on May 10, 1969, be, and hereby is, suspended until resolution by this court of the infringement issues raised by this declaratory judgment action. The court will continue to be concerned with Loctite's progress toward infringement evaluation and will entertain further applications for relief if that progress should be unsatisfactory.

So ordered.